VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-161



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Dianne E. Badger\* v. Department of Labor
(ADA Traffic Control Ltd.)

}
}
}
}

APPEALED FROM:

Employment Security Board
CASE NO. 03-22-088-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals a decision of the Employment Security Board concluding that she was not entitled to benefits that she received and ordering repayment with a penalty.  We affirm.

The Board found the following facts.  Claimant was employed by ADA Traffic Control as a full-time flagger beginning in June 2020.  On December 13, 2021, she notified employer that her last day of work would be December 24, 2021.  Her resignation indicated that she had another job.  Before quitting, she asked employer to lay her off before winter, but employer declined.  Employer had continuing full-time work for claimant.  Employer also had a leave policy, but claimant did not request to use it.

Claimant applied for benefits but did not report that she left her employment voluntarily.  Claimant received benefits.  Subsequently, a claims adjudicator determined that claimant was not entitled to benefits and ordered repayment plus a penalty of $501.  Claimant appealed to an Administrative Law Judge (ALJ), arguing that she asked to be laid off because she could not perform the duties of the job in the winter months, had back pain, and needed to care for her mother.  The ALJ concluded that claimant left her job voluntarily without good cause attributable to her employer and was therefore not eligible for unemployment compensation.  The ALJ further concluded that claimant's intentional nondisclosure that she left voluntarily subjected her to a 15% penalty of $501.

Claimant then appealed to the Board, again arguing she had good cause to quit because she could not do her job during the winter months due to her age, back pain, and need to care for her mother.  The Board agreed with the ALJ's findings and concluded that claimant voluntarily quit without good cause because her reasons were personal and not attributable to employer.  Claimant appeals.

An employee is disqualified from unemployment benefits if the employee voluntarily leaves without good cause attributable to the employer.  21 V.S.A. § 1344(a)(2)(A).  Where the sole issue is whether there is good cause attributable to the employer, we give great weight to the

Board's decision. Cook v. Dep't of Emp. & Training, 143 Vt. 497, 501 (1983). The burden of proving good cause attributable to the employer is on the employee. Skudlarek v. Dep't of Emp. & Training, 160 Vt. 277, 280 (1993).

On appeal, claimant argues that she discussed being laid off for the winter with her employer, that she missed work due to her medical condition and need to look after her mother, and that she is unable to repay the benefits. Essentially, claimant does not dispute that she left work voluntarily for personal reasons and not for cause attributable to her employer. Although claimant asserts that she was unable to work due to her back condition and need to care for her mother, these issues do not entitle her to unemployment compensation. Eligibility for unemployment compensation is controlled by statute and "the purpose of the unemployment compensation law is not to provide sick benefits nor to compensate those who cease working because of illness." LaFountain v. Dep't of Lab., 2018 VT 31, ¶ 7, 207 Vt. 120 (quotation omitted). The evidence here supported the Board's finding that claimant left voluntarily and was therefore not eligible for the benefits she received.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice